**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYCO M. RODRIQUE,

               Plaintiff-Appellant,

  v.

COUNTY OF SACRAMENTO; et al.,

               Defendants-Appellees,

  v.

THE SACRAMENTO BEE,

               Movant.

No. 19-16734

D.C. No. 2:17-cv-02698-WBS-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Argued and Submitted October 15, 2020
San Francisco, California

Before: WARDLAW and COLLINS, Circuit Judges, and EATON,[**] Judge.

     Plaintiff Mayco M. Rodrique appeals from the district court's order granting

a post-judgment motion made by Defendants (the County of Sacramento, its

Sheriff's Department, the sheriff, and two individual officers) to preserve the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

confidentiality, under the stipulated protective order that governed the litigation of this suit, of certain documents that were produced by Defendants to Rodrique during that litigation. We dismiss the appeal as moot.

After Rodrique and Defendants settled this lawsuit, a stipulated order of dismissal was entered by the court. Thereafter, Rodrique informed Defendants that he challenged the confidentiality designation of certain documents that had been produced by Defendants in the litigation, and he contended that Defendants thus needed to file a motion under Federal Rule of Civil Procedure 26 if they wished to preserve the confidentiality of those documents. Defendants thereafter filed such a motion. Rodrique opposed the motion, arguing that the disputed documents could not be kept confidential absent a showing of particularized harm and a consideration of the balancing of interests under *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417 (9th Cir. 2011). Defendants' motion was granted on August 6, 2019, and Plaintiff filed a notice of appeal in this Court.

However, shortly before the district court ruled, non-party The Sacramento Bee ("the *Bee*") on July 31, 2019 filed a motion to intervene and to modify or lift the protective order. At the hearing on that motion on August 28, 2019, the district court granted the *Bee*'s motion to intervene. Turning to the merits of the *Bee*'s request to modify the protective order, the district court noted that, under "the *Archbishop of Portland* case," the court would have to decide whether the

2

documents in question would need to be publicly disclosed subject only to limited redactions. The court directed Defendants and the *Bee* to meet and confer "to go through and address each of the allegations of particularized harm that the County has raised and then figure out whether any of those specific instances of harm can be properly addressed through redaction." The court set a further hearing to address any remaining disputes concerning the documents. As a result of the ensuing meet-and-confer process, Defendants reached an agreement with the *Bee* as to the entry of a stipulated order modifying the previous protective order. That stipulated order specifically covers all of the documents whose confidentiality was disputed between Rodrique and Defendants,[1] and it provides that, subject only to a limited set of redactions agreed to by the *Bee*, the documents would be made public.

Although Rodrique was not a party to the meet-and-confer process by which the *Bee* and Defendants resolved their differences as to the application of *Archbishop of Portland* to the documents at issue, he acknowledged at oral

---

[1] Although Rodrique initially challenged approximately 160 pages of additional documents in his preliminary discussions with Defendants, he later withdrew that challenge in a May 21, 2019 email that is attached as an exhibit to the declaration accompanying the parties' June 19, 2019 Joint Statement concerning Defendants' motion to maintain confidentiality. All of the remaining disputed documents, which are specifically identified by Bates numbers in the parties' Joint Statement, are covered by the later stipulated order between Defendants and the *Bee*, which likewise sets forth by Bates numbers the documents that it covers.

argument that he had received a set of the redacted public documents that resulted from that process. The parties also acknowledged that Plaintiff still has the unredacted documents and would thus be in a position to determine whether, in his view, the redactions agreed to by the *Bee* were excessive. Plaintiff indicated at argument that he has not undertaken such a comparison, and he therefore has not identified any redactions that he actually contends were unwarranted.

Under these circumstances, we perceive no live controversy for resolution by this court. Rodrique's complaint on appeal was that the district court failed to apply the standards set forth in *Archbishop of Portland* in determining whether to grant Defendants' motion to maintain the confidentiality of the documents in question. Even if that ruling was erroneous, it has been overtaken by the subsequent production to Rodrique of a public set of the very same documents, after the district court ordered Defendants and the *Bee* to apply *Archbishop of Portland* and present to the court any unresolved issues as to its application to these documents. No such issues were presented to the district court, and Rodrique conceded that he is not aware of any specific deficiencies in the redactions agreed to by the *Bee*. There is thus no live, concrete dispute as to whether any specific document is *now* designated as confidential that Rodrique contends should not be.

Absent such a dispute, there is no basis for concluding that Rodrique has or faces any cognizable injury that has not already been redressed, nor is there any

basis upon which we could provide further relief. Rodrique suggests that we remand the case, but we perceive nothing to remand. If Rodrique concludes at some future point that there are specific deficiencies in the *Bee*'s redactions, then he can seek to have that dispute presented to the district court after compliance with the meet-and-confer process required by the local rules. But as matters now stand, "the issues presented are no longer live," and it is impossible for us to grant any effectual relief. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (simplified). Accordingly, we dismiss this appeal as moot.

**DISMISSED.**